UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ACACIA INSURANCE MANAGERS, LLC, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-620-SDJ |
| | § | |
| MAITH SOLUTIONS, LLC | § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Dismiss Counts 4 and 5 Without Prejudice. (Dkt. #50). This filing is an improper attempt by Plaintiffs Acacia Insurance Managers, LLC ("Acacia") and Edgepoint Systems, LLC ("Edgepoint") to dismiss two of their particular claims against Defendant Maith Solutions, LLC ("Maith") under Federal Rule of Civil Procedure 41(a). As such, the motion must be stricken.

Federal Rule of Civil Procedure 41(a) allows a plaintiff to dismiss "an action . . . by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). However, controlling Fifth Circuit precedent clearly provides that Rule 41(a) may not be used to dismiss *some* claims against a defendant—the rule allows only for dismissal of *all* claims against a defendant. *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (distinguishing between allowable dismissals of individual defendants and improper dismissals of individual claims under Rule 41(a) and stating that "'when Rule 41(a) refers to dismissal of an "action", there is no reason to suppose that the term is intended to include the separate claims which make up an action'" (quoting *Smith, Kline & French Lab'ys v. A. H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa.

1973))); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." (citation omitted)); *see also Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 192 n.15 (5th Cir. 2002) ("Rule 41(a) contemplates dismissal of an 'action' rather than a 'claim' or 'claims.'"). Acacia and Edgepoint's motion to dismiss certain claims, but not all claims, is thus invalid, and "an invalid Rule 41(a) dismissal is a nullity." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020).

To effectuate their desire to no longer assert certain claims against Maith, Acacia and Edgepoint must move to amend their operative complaint pursuant to Federal Rule of Civil Procedure 15. *See Williams*, 958 F.3d at 347 ("A dismissed claim remains a part of the case, absent amendment of the complaint under Rule 15."); *see also Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) for the proposition that "A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15").

It is therefore **ORDERED** that Plaintiffs' Motion to Dismiss Counts 4 and 5 Without Prejudice, (Dkt. #50), is **STRICKEN**. Although a stay is currently in place, (Dkt. #66), Acacia and Edgepoint may move for leave to amend their First Amended Original Complaint, (Dkt. #5), which is their operative complaint.

**So ORDERED and SIGNED this 12th day of November, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE