**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ACACIA INSURANCE MANAGERS, LLC and EDGEPOINT SYSTEMS, LLC, | § | |
| Plaintiffs/Counter-Defendants, | § | |
| v. | § | Civil Action No: 4:24-cv-00620SDJ |
| MAITH SOLUTIONS LLC, | § | |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff. | § | |
| v. | § | |
| BRIAN BORDERS and IVAN BETANCOURT | § | |
| Third-Party Defendants. | § | |

**MAITH SOLUTIONS LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant/Counter-Plaintiff Maith Solutions LLC, by and through its undersigned counsel, states as follows for its Answer to Plaintiffs' Second Amended Complaint (Dkt. 69):

## ANSWER

## I. NATURE OF THE ACTION

1. Maith Solutions LLC ("Maith") admits that Acacia licensed a right to

use data management software commonly known as “Insuror Atlas” (the “Atlas Software”) from Defendant Maith’s predecessor in interest. Maith denies that it made any meritless copyright infringement threats against Plaintiffs. Maith lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Amended Complaint and, therefore, denies them.

2. Maith admits that it delivered a cease-and-desist letter to Plaintiff, Acacia Insurance Managers, LLC (“Acacia”), on July 1, 2024, concerning Acacia’s misappropriation of the Atlas Software. Maith denies Plaintiffs’ characterization of the content of the letter. Maith denies the remaining allegations in paragraph 2 of the Amended Complaint.

3. Denied.

4. Maith admits that Plaintiffs purport to seek a judicial declaration that: (i) the alleged copyright ownership asserted by Maith as to the code underlying the Atlas Software is invalid and unenforceable and (ii) Plaintiffs’ use of—or assertion of rights in—the Edgepoint Software does not infringe on any valid copyright rights allegedly owned by Maith, but Maith denies Plaintiffs are entitled to any such declaration. Maith also admits that Plaintiffs purport to seek immediate and permanent injunctive relief, as well as monetary damages, but Maith denies Plaintiffs are entitled to any such relief or award. Maith denies any remaining allegations contained in paragraph 4 of the Amended Complaint.

## II. PARTIES

5. Maith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint and, therefore, denies them.

6. Maith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint and, therefore, denies them.

7. Admitted.

## III. JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

10. Admitted.

## IV. FACTUAL BACKGROUND

11. Maith admits that a managing general agent ("MGA") is a specialized type of insurance agent/broker that—unlike traditional agents/brokers—is vested with underwriting authority from an insurer. Maith also admits that MGAs perform certain functions ordinarily handled only by insurers (i.e., binding coverage, underwriting and pricing, and resolving insurance claims). Maith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint and, therefore, denies them.

12. Maith admits that Acacia licensed a right to use software commonly known as "Insuror Atlas" (previously defined as the "Atlas Software") from Defendant Maith's predecessor in interest, Tim Hunt ("Hunt") and the Atlas Software was developed, in part, by Hunt. Maith denies that anyone other than Hunt had any right to use the code underlying the Atlas Software. The allegation fails to identify who Plaintiffs contend are the "three independent contractors" and Maith therefore lacks information to admit or deny the allegation as to them, but denies that the development of the Insuror Atlas Software by any other developers was not "work made for hire". Maith lacks information as to any remaining allegations in paragraph 12 in the Amended Complaint and, therefore, denies them.

13. Maith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 in the Amended Complaint and, therefore, denies them.

14. Maith admits that on or about May 31, 2024, Hunt sold his rights to the Atlas Software to Maith and that in connection with the sale, Hunt also assigned his rights under a software license agreement with Acacia to Maith. Maith denies the remaining allegations in paragraph 14 of the Amended Complaint.

15. Denied.

16. Maith denies that it holds (at best) a non-exclusive right to the code underlying the Atlas Software. Maith lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 16 of the Amended Complaint and, therefore, denies them.

17. Maith admits that on or about June 27, 2024, Acacia terminated its software licensing contract with Maith (as successor to Hunt). Maith lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Acacia entered into an agreement to use the Edgepoint Software, and therefore denies those allegations. Maith denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. Maith admits that it delivered a cease-and-desist letter to Plaintiff, Acacia, on July 1, 2024 concerning Acacia's misappropriation of the Atlas Software. Maith denies Plaintiffs' characterization of the content of the letter. Maith admits that Exhibit A is a true and correct copy of Maith's cease and desist letter. Maith denies any remaining allegations in paragraph 18 in the Amended Complaint.

19. Maith admits that on July 12, 2024, Maith filed its Answer and Original Counterclaims (the "Counterclaims") and that a copy of the Copyright Office's Certificate of Registration for the Atlas Software (Reg. No. TXu 2-436-022) was attached as an exhibit to the Counterclaims. Maith denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. Maith admits that the Certificate of Registration for the Atlas Software (Reg. No. TXu 2-436-022) identifies "Timothy Hunt" as the author and that the work

was a "work made for hire." Maith denies the remaining allegations in paragraph 20 of the Amended Complaint.

21. Denied.

## V. CAUSES OF ACTION

### COUNT 1 – DECLARATORY JUDGMENT

22. Maith re-alleges and incorporates by reference as if fully set forth herein the answers contained in paragraphs 1 through 21, above.

23. Maith admits that an actual, substantial, and justiciable controversy exists between Plaintiffs and Maith regarding whether a claim exists for copyright infringement under § 501(a) of the Copyright Act (17 U.S.C. § 501(a), et seq.). Maith also admits that Plaintiffs purport to seek a judicial declaration under the Copyright and Declaratory Judgment Acts that Maith's rights to the code underlying the Atlas Software are non-exclusive—at best, but denies that Plaintiffs are entitled to such a declaration. Maith denies the remaining allegations in paragraph 23 in the Amended Complaint.

24. Maith admits that Plaintiffs purport to request an order declaring that the alleged exclusive ownership of the copyright rights asserted by Maith regarding the Atlas Software are unenforceable because Maith owns (at best) non-exclusive copyright rights to the code underlying the Atlas Software, but denies that Plaintiffs are entitled to such a declaration. Maith denies the remaining allegations in

paragraph 24 in the Amended Complaint.

25. Maith admits that under 17 U.S.C. § 505, the prevailing party in a copyright case may be awarded its reasonable attorneys' fees and that Plaintiffs purport to seek an award for their attorneys' fees, costs, and expenses incurred in connection with this action, but denies that Plaintiffs are entitled to such an award or relief.

**COUNT 2 – DECLARATORY JUDGMENT**

26. Maith re-alleges and incorporates by reference as if fully set forth herein the answers contained in paragraphs 1 through 25, above.

27. Maith admits that Plaintiffs purport to seek a judicial declaration that the Edgepoint Software has not (and does not) infringe on any copyright rights Maith may hold (if any) in the code underlying the Atlas Software, but denies that Plaintiffs are entitled to such a declaration. Maith denies the remaining allegations in paragraph 27 of the Amended Complaint.

28. Maith admits that an actual, substantial, and justiciable controversy exists between Plaintiffs and Maith regarding whether a claim exists for copyright infringement under § 501(a) of the Copyright Act, 17 U.S.C. § 501(a). Maith also admits that Plaintiffs purport to seek a judicial declaration of non-infringement, but denies that Plaintiffs are entitled to such a declaration. Maith denies the remaining allegations in paragraph 28 of the Amended Complaint.

29. Maith admits that under 17 U.S.C. § 505, the prevailing party in a copyright case may be awarded its reasonable attorneys' fees and that Plaintiffs purport to seek an award for their attorneys' fees, costs, and expenses incurred in connection with this action, but denies that Plaintiffs are entitled to such an award or relief.

**COUNT 3 – INVALIDATION OF COPYRIGHT**

30. Maith re-alleges and incorporates by reference as if fully set forth herein the answers contained in paragraphs 1 through 29, above.

31. Maith admits that Plaintiffs contend an actual, substantial, and justiciable controversy exists between Plaintiffs and Maith regarding whether Maith holds valid copyright ownership to the work entitled "Insuror Atlas" that was registered with the U.S. Copyright Office under Registration No. TXu-2-436-022. Maith denies any remaining allegations in paragraph 31 of the Amended Complaint

32. Maith admits that the Certificate of Registration for the Atlas Software (Reg. No. TXu 2-436-022) identifies "Timothy Hunt" as the author and that the work was a "work made for hire." Maith denies the remaining allegations in paragraph 32 of the Amended Complaint.

33. Denied.

34. Maith also admits that Plaintiffs purport to seek an order invalidating the Putative Copyright but denies that Plaintiffs are entitled to such an order. Maith admits that under 17 U.S.C. § 505, the prevailing party in a copyright case may be awarded its reasonable attorneys' fees and that Plaintiffs purport to seek an award for their attorneys' fees, costs, and expenses incurred in connection with this action, but denies that Plaintiffs are entitled to such an award or relief.

## VI. JURY DEMAND

35. Admitted.

## VII. PRAYER FOR RELIEF

Maith denies that Plaintiffs are entitled to judgment or to any relief, legal or equitable, and specifically denies that Plaintiffs are entitled to each item of relief requested in each of subparagraphs "i" through "vii."

## RESTATED FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Maith restates and incorporates herein its claims in its First Amended Counterclaim and Third-Party Complaint (Dkt. 25), which were answered by Counter-Defendants (Dkt. 35) and Third-Party Defendants (Dkt. 34), and no further response is needed.

Respectfully Submitted,

By: */s/ John G. Bisbikis*

Jason P. Bloom
jason.bloom@haynesboone.com
State Bar No. 24045511
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

John G. Bisbikis
jbisbikis@prospectlaw.com
Derek J. Meyer (Pro Hac Vice)
rmeyer@prospectlaw.com
PROSPECT LAW LLP
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602
Telephone: (312) 374-8084

*Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff MAITH SOLUTIONS LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 8, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ John G. Bisbikis*
John G. Bisbikis